# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hopedale Mining LLC, *et al.*,[1] | ) | Case No.  20-12043 (GRH) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Guy R. Humphrey |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## SPRINGDALE LAND LLC, CASE NO. 20-12062 (GRH)

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Rhino GP LLC (8619), Rhino Resource Partners LP (7517), Rhino Energy LLC (6320), Rhino  Trucking LLC (8773), Rhino Exploration LLC (8863), Triad Roof Support Systems LLC (1183), Springdale Land  LLC (9816), McClane Canyon Mining LLC (3783), Rhino Northern Holdings LLC (1858), CAM-Ohio Real Estate  LLC (1859), CAM-Colorado LLC (4269), Taylorville Mining LLC (5106), CAM Coal Trading LLC (4143), Castle   Valley Mining LLC (9495), Jewell Valley Mining LLC (0270), Rhino Services LLC (3356), Rhino Oilfield Services  LLC (8938), Rhino Technologies LLC (0994), CAM Mining LLC (2498), Rhino Coalfield Services LLC (3924),   Hopedale Mining LLC (9060), CAM-Kentucky Real Estate LLC (9089), CAM-BB LLC (9097), Leesville Land  LLC (7794), CAM Aircraft LLC (5467), Pennyrile Energy LLC (6095), Rhino Eastern LLC (1457), Rockhouse  Land LLC (7702).

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hopedale Mining LLC, *et al.*,[1] | ) | Case No.  20-12043 (GRH) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Guy R. Humphrey |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Hopedale Mining, LLC and its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, (each a "**Debtor**" and, collectively, the "**Debtors**") have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") in the United States Bankruptcy Court for the Southern District of Ohio (this "**Bankruptcy Court**"). The Debtors prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Richard A. Boone has signed each set of the Schedules and Statements. Mr. Boone serves as the President and CEO of Rhino GP LLC and he is an authorized signatory for each of the Debtors. Although the Debtors and Mr. Boone have made every commercially reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result,  inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors reserve their  rights to amend and supplement the Schedules and Statements as may be necessary or  appropriate. In no event shall the Debtors or their agents, attorneys, and financial advisors be  liable to any third party for any direct, indirect, incidental, consequential, or special damages  (including, but not limited to, damages arising from the disallowance of a potential claim against  the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in  parentheses): Rhino GP LLC (8619), Rhino Resource Partners LP (7517), Rhino Energy LLC (6320), Rhino Trucking LLC (8773), Rhino Exploration LLC (8863), Triad Roof Support Systems LLC (1183), Springdale Land  LLC (9816), McClane Canyon Mining LLC (3783), Rhino Northern Holdings LLC (1858), CAM-Ohio Real Estate  LLC (1859), CAM-Colorado LLC (4269), Taylorville Mining LLC (5106), CAM Coal Trading LLC (4143), Castle  Valley Mining LLC (9495), Jewell Valley Mining LLC (0270), Rhino Services LLC (3356), Rhino Oilfield Services  LLC (8938), Rhino Technologies LLC (0994), CAM Mining LLC (2498), Rhino Coalfield Services LLC (3924),   Hopedale Mining LLC (9060), CAM-Kentucky Real Estate LLC (9089), CAM-BB LLC (9097), Leesville Land  LLC (7794), CAM Aircraft LLC (5467), Pennyrile Energy LLC (6095), Rhino Eastern LLC (1457), Rockhouse  Land LLC (7702).

The Debtors and their agents, attorneys, and financial advisors expressly do not undertake  any

obligation to update, modify, revise, or re-categorize the information provided herein, or to  notify any third party should the information be updated, modified, revised, or re-categorized,  except as required by applicable law.

## **Global Notes and Overview of Methodology**

1.     **Description of Cases**. On July 22, 2020 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession  pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 24, 2020, an order was entered directing procedural, but not the substantive, consolidation and joint  administration of these chapter 11 cases (Docket No. 41). Notwithstanding the joint  administration of the Debtors' cases for procedural purposes, each Debtor has filed its  own Schedules and Statements. The information provided herein, except as otherwise  noted, is reported as of the close of business on the Petition Date.

2.     **Global Notes Control**. These Global Notes pertain to and comprise an integral part of  each of the Schedules and Statements and should be referenced in connection with any  review thereof. In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3.     **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement  the Schedules and Statements as may be necessary or appropriate. Nothing contained in  the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited  to, any rights or claims of the Debtors against any third party or issues involving  substantive consolidation, equitable subordination, or defenses or causes of action arising  under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable  bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific  reservation of rights contained elsewhere in the Global Notes does not limit in any  respect the general reservation of rights contained in this paragraph.

       (a)     **No Admission**. Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

       (b)     **Recharacterization**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the

Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(c)     **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)     **Claims Description**. Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)     **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f)     **Intellectual Property Rights**. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)     **Insiders**. In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of

"insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used  for  the  purposes of  determining control of  the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code or with respect to any theories of liability or any other purpose.

**Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws that are not listed as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims and causes of action, whether arising under the Bankruptcy Code or otherwise, that they may have or will have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions or causes of action or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtors and non-Debtors) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things: (i) surety bonds, (ii) guarantees, (iii) indemnities, and (iv) other arrangements. The  Debtors reserve their rights to supplement the Schedules and Statements for these  items  at  a  later date. Additionally, prior to the relevant Petition Date, each Debtor, as a plaintiff, may have commenced various lawsuits in the ordinary  course of its business against third parties seeking monetary damages.

4.    **Methodology**.

(a)    **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)     **Confidential Information**. There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information (*e.g.*, names of customers), or concerns for the privacy of an individual (*e.g.*, employees).

Certain Debtor agreements are confidential in nature even as to their very existence between the respective contract counterparties. Due to the confidential nature of these agreements and in order to best protect the Debtors' business interests, the Debtors have not listed these agreements on Schedule G. The Debtors have taken the necessary steps to identify these agreements to the extent possible and can provide detail as to these agreements should circumstances require them to do so. The Debtors reserve all of their rights with respect to such agreements.

(c)     **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once. If some information or a certain disclosure is presented in duplicate in these Statements and Schedules that does not imply that any other information or disclosure is also duplicated.

(d)     **Net Book Value**. In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date. Market values may vary, sometimes materially, from net book values. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)     **Inventories; Property and Equipment**. Inventories consist of materials and supplies and coal inventory. These inventories are valued at the lower of cost or market. Coal inventory costs include labor, supplies, equipment, operating overhead, and transportation costs incurred prior to the transfer of title to customers. Property, plant, equipment and mine development are recorded at cost or at fair value at the date of acquisition in the case of acquired businesses, and are presented net of accumulated depreciation and amortization. All inventories,

as well as all property and equipment, are presented without consideration of any statutory or consensual liens.

(f)     **Coal Reserves**. The Debtors have not analyzed the current market value of their owned or leased coal reserves. Except where otherwise noted, the Debtors have reported the book value of all owned pieces of real property, including coal reserves, in Schedule A/B. Certain unexpired coal reserve leases of the Debtors as of the Petition Date that may constitute executory contracts or unexpired leases within the meaning of Bankruptcy Code section 365 are also included in Schedule G, and to the extent that there was an amount outstanding under a coal reserve lease, such as royalties payable, as of the Petition Date, the amount owed to the lessor of the coal reserves has been listed on Schedule E/F.

(g)     **Allocation of Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(h)     **Undetermined Amounts**. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(i)     **Unliquidated Amounts**. Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(j)     **Totals**. All totals that are included in the Schedules and Statements represent totals of all listed amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(k)     **Paid Claims**. The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order, such as taxes, wages, and certain claims; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements with the exception that liabilities with respect to the Debtors' prepetition vendors may be listed at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition in accordance with the *Interim Order (1) Authorizing Debtors to pay Certain Prepetition Claims of (A) Shippers, (B) Warehousemen, and (C) Service Providers; and (II) Granting Related Relief* (Docket No. 48). To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in

interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(l)     **Intercompany Claims**. Receivables and payables among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

(m)    **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)    **Excluded Assets and Liabilities**. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

(o)    **Liens**. The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(p)    **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(q)    **Setoffs**. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Setoffs in the ordinary course can result from various items including derivative transactions in connection with market risk management activities and counterparty settlements. These normal setoffs can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs by third parties of

which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.   **Specific Schedules Disclosures**.

(a)   **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments**. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors Motion for Entry of Interim and Final Orders (I) Approving Continued Use of Existing Cash Management System; (II) Authorizing Use of Pre-Petition Bank Accounts and Business Forms; and (III) Waiving Certain Requirements of the United States Trustee* (Docket No. 13) (the "**Cash Management Motion**") and any orders of the Bankruptcy Court granting the Cash Management Motion.

Cash accounts are presented as current bank balances as of the Petition Date. The Debtors believe that these figures generally align with the book value of the cash accounts as of the close of business on July 21, 2020. Notwithstanding the foregoing, these figures may vary slightly. Assets recorded as negative net payables or other prepayments are representative of credits owed from customers  or third parties, and where appropriate, have instead been shown on Schedule E/F.

Additionally, the Bankruptcy Court, pursuant to the *Interim order (I) Approving the Debtors' proposed Adequate Assurance of payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests and (IV) Granting Related Relief* (Docket No. 49), has authorized the Debtors, on an interim basis, to provide adequate assurance of payment for future utility services. Such deposits are not listed on Schedule A/B, Part 2. Debtors anticipate that the Bankruptcy Court will enter a final order consistent with the interim order, and any interested party should monitor the case for the entry of such a final order.

(b)   **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**. Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(c)   **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**. Dollar amounts are presented net of accumulated depreciation and other adjustments.

(d)   **Schedule A/B, Part 9 – Real Property**. For those Debtors that own real  property, such owned real estate is reported at book value, net of accumulated depreciation.  The Debtors may have listed certain assets as real property when

such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. Buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Coal property indicates coal that is yet to be mined and on or below the earth's surface in its natural state. Due to the interwoven nature of yet to be mined coal and real property, the Debtors have included coal property on Schedule A/B, Part 9. The Debtors take no position as to whether coal property should be considered real property for the purposes of Schedule A/B, Part 9.

(e)    **Schedule A/B, Part 11 – All Other Assets**.  Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds for sales t a x , use tax, and excise taxes at various  times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors, and accordingly, may not be listed in  Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims***. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

***Interests in Insurance Policies.*** A list of the Debtors' insurance policies and related information is available in the *Debtors Motion for Entry of an  Order Authorizing, but not Directing, the Debtors to (A) Continue Insurance Coverage Entered into Pre-Petition and (B) Maintain Post-petition Financing on Insurance Premiums* (Docket No. 20).

***Executory Contracts and Unexpired Leases***. Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B.  Instead, the Debtors have only listed such agreements in Schedule G.

**Schedule D – Creditors Who Have Claims Secured by Property**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly

burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Certain claimants listed under Schedule E/F may have the right, pursuant to state law, to assert trade or mechanics' liens over the Debtors' leaseholds, as well as essential parts, machinery, and other equipment. As of the Petition Date, it is possible that a subset of vendors could assert such liens for certain prepetition goods or services. The Debtors reserve their right to supplement Schedule D with such parties should they assert and perfect such mechanics' or trade liens.

(f)     **Schedule E/F – Creditors Who Have Unsecured Claims**.

*Part 1 - Creditors with Priority Unsecured Claims*. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on July 24, 2020 the Bankruptcy Court entered the:

*i.      Interim Order (I) Authorizing, but Not Directing, the Debtors to (A) Pay and Honor Certain Pre-Petition Claims for Wages, Salaries, Bonuses and Other Compensation and Withholdings and Deductions; (B) Continue Employee Benefit Programs in the Ordinary Course of Business; and (C) Pay Certain Reimbursable Expenses; (II) Authorizing, but Not Directing, the Debtors to make Deductions from Employee Pay Checks; (III) Authorizing and Directing Banks and Other Financial Institutions to Receive, Process, Honor and pay All Checks and Electronic payment Requests Made by the Debtors Relating to the Foregoing; and (IV) Granting Related Relief* (Docket No. 91);

*ii.      Interim Order (1) Authorizing Debtors to pay Certain Prepetition Claims of (A) Shippers, (B) Warehousemen, and (C) Service Providers; and (II) Granting Related Relief* (Docket No. 48); and

*iii.      Interim Order (I) Authorizing the Payment of Certain Pre-Petition and Post- Petition taxes and Fees and (II) Granting Related Relief* (Docket No. 51).

The foregoing interim orders authorize the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses, shippers, warehouseman, and service providers, and to pay or honor certain prepetition obligations owed to taxing authorities. To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included on Schedule E. Debtors anticipate that the Bankruptcy Court will enter final orders consistent with the interim orders, and any interested party should monitor the case for the entry of such final orders.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims***. The Debtors have made reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2, based upon the Debtors' existing books and records. The claims of individual creditors for among other things, products, goods or services are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all rights with respect to any such credits and allowances including the right to assert claims objections and/or setoffs. The claims listed on Schedule E/F, Part 2, arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F, Part 2, was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2, does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, where the named defendant is Rhino GP LLC ("**<u>Rhino GP</u>**") plus "et al.," the Debtors have listed such claim on Schedule E/F, Part 2, of Rhino GP. However, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule E/F, Part 2, for that Debtor.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does

not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be rejected.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

*Workers' Compensation Claims*. The Debtors are subject to the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 901 *et seq.* (the "**Black Lung Benefits Act**") and other workers' compensation laws in the states in which they operate. Under the Black Lung Benefits Act, such Debtors are required to provide benefits to their current and former coal miners (and certain of their qualified dependents) suffering from coal workers' pneumoconiosis, an occupational disease often referred to as black lung disease. The Debtors are fully insured with respect to any claims that may arise under the Black Lung Benefits Act and applicable workers' compensation laws

(g)   **Schedule G – Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts. Furthermore, the

Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors have included certain interests in real property on Schedule G. The listing of such real property interests on Schedule G as "executory" does not constitute an admission by a Debtor that any such contract is executory. The Debtors reserve all rights to recategorize and/or recharacterize their interests in such real property at a later date, as necessary.

The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' Secured Notes. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(h)     **Schedule H – Co-Debtors**. For purposes of Schedule H, the Debtors have identified and listed certain guarantees associated with the Debtors' executory contracts, unexpired leases, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable. The Debtors have not listed any litigation-related Co-Debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

6.     **Specific Statements Disclosures**.

    (a)    **Statements, Part 1, Question 2 – Non-Business Revenue**. The Debtors record a non-material amount of certain transactions as other income in their financial records. Such transactions have been included in the response to Statements, Part 1, Question 2. These transactions are not related to the sale of coal but are related to other non-core business operations.

    (b)    **Statements, Part 2, Question 3 – Payments and Transfers to Certain Creditors within 90 Days**. The dates set forth in the "Dates" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date. In general, disbursements are made by Rhino Energy LLC and recorded to the proper entity with the liability through intercompany journal entries. In addition to the payments disclosed in response to this Question, the Debtors periodically replenish their petty cash working account.

                **Statements, Part 2, Question 4 – Payments and Transfers to Insiders**. For a discussion of setoffs incurred by the Debtors, refer to paragraph 3(g) of these Global Notes. To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became and insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

    (c)    **Statements, Part 2, Question 5 – Repossessions, Foreclosures and Returns**. The Debtors return damaged, unsatisfactory or out-of-specification raw materials and other goods to vendors in the ordinary course of business. These ordinary course returns have not been listed in SOFAs Part 2, Question 5.

    (d)    **Statements, Part 2, Question 6 – Setoffs**. For a discussion of setoffs incurred by the Debtors, refer to paragraph 4(q) of these Global Notes.

    (e)    **Statements, Part 3 – Legal Actions or Assignments**. There are several pending litigation matters which may or may not lead to potential recoveries. The actual amount of these litigation matters is contingent on the outcome of the cases. The Debtors routinely participate in administrative actions and appeals with state agencies regarding permits in the ordinary course of their business and they have identified those administrative actions that were pending within one year of the Petition Date.

    (f)    **Statements, Part 5, Question 10 – All losses from fire, theft, or other casualty within 1 year before filing this case.** To the extent any such events occurred, and associated losses were of de minimis amounts and did not result in an insurance claim, so the response to this question is marked as N/A.

    (g)    **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**. The attachment to Question 11 on all Statements reflect payments to professionals

made from the Debtors' general operating account, on behalf of the 19 Debtors on a consolidated basis. The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis. The response to Question 11 in each of the Debtors' Statements thus refers to the attachment to Question 11 of Rhino GP LLC's Statement.

(h)      **Statements, Part 9, Question 16 – Personally Identifiable Information.** The Debtors do not have a formal policy concerning personally identifiable information, but the Debtors do not maintain any such information other than names, address, and EIN numbers. The Debtors do not disseminate any confidential information of third parties to any other third parties.

(i)      **Statements, Part 12, Questions 22-24 – Details About Environmental Information**. The Debtors operate underground and surface mines located in Kentucky, Ohio, Virginia, West Virginia and Utah. At some locations, the Debtors no longer have any active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable. Some individuals who once possessed responsive information are no longer employed by the Debtors. For all these reasons, it may not be possible to identify and supply the requested information for all of the requested information that is responsive to Statements Part 12, Questions 22-24. The Debtors have provided responsive information for matters and issues that have arisen within the last three years, including matters and issues that the Debtors consider having been resolved. This timeframe is consistent with requirements in state and federal coal mining regulations to include environmental violations from the previous three-year period in Surface Mining Control and Reclamation Act coal mining permit applications, revisions and renewals. This response does not include sites or proceedings related to non-environmental laws, such as occupational safety and health laws or transportation laws. This response is also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and proceedings that have resulted from alleged violations of environmental laws. This response also does not cover: (i) periodic information requests, investigations or inspections from governmental units concerning compliance with environmental laws; or (ii) routine reports and submissions concerning permitted discharges resulting from routine operations where such reports and submissions were made in compliance with regulatory requirements, such as monthly discharge monitoring reports.

(j)      **Statements, Part 13, Question 26d – Books, Records, and Financial Statements**. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in their Responses to Statement, Part 13, Question 26.

As to the Debtors' public filing requirements, Debtors state that as a public filer, significant financial information about the Debtors is available to the general public, and it would be inefficient and purposeless to address instances were Debtors may have directly shared certain financial information with a third-party, were that certain information was also available to the general public.

(k)     **Statements, Part 13, Question 27a – Inventories**. The Debtors' policy concerning the counts of parts and supplies inventory does not include periodic counts of the entire inventory. Instead, cycle counts of portions of inventory are continuously taken. Thus, information concerning parts and supplies inventory counts are not included in the response to SOFAs Part 13, Question 27. Furthermore, the Debtors have only responded to SOFAs Part 13, Question 27 to the extent that the Debtors handle directly, and does not refer to inventory that may be under the control of non-Debtor third parties.

Any party interested in a more detailed explanation responsive to this question should review the Debtors' most recent Securities and Exchange Commission Form 10-K, available on the Securities and Exchange Commission's website at https://www.sec.gov/edgar/searchedgar/companysearch.html.

(l)     **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**. The Debtors also incorporate by reference the *List of Equity Security Holders* filed as part of their Voluntary Petitions.

(m)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4. Certain directors and executive officers of the Debtors are also directors and executive officers of certain of the Debtors' affiliates. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Question 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

(n)     **Statements, Part 13, Question 31 – Consolidated Group for Tax Purposes**. Rhino GP LLC is wholly owned by Royal Energy Resources, Inc., and is included entirely within Royal's own tax disclosures. All other Debtors are consolidated under Rhino Resource Partners LP for tax purposes.

*      *      *      *      *

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number (if known) | 20-12062 |

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

---

**Part 1:**    Summary of Assets

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a.  **Real property:**
    Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | |
    |---|
    | NOT APPLICABLE |

    1b.  **Total personal property:**
    Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | |
    |---|
    | NOT APPLICABLE |

    1c.  **Total of all property:**
    Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    | |
    |---|
    | UNDETERMINED |

---

**Part 2:**    Summary of Liabilities

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

    | |
    |---|
    | $44,607,653.27 |

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

    3a.  **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . .

    | |
    |---|
    | UNDETERMINED |

    3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . .

    | | |
    |---|---|
    | **+** | $12,030.18 |

4.  **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    Lines 2 + 3a + 3b

    | |
    |---|
    | $44,619,683.45 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Springdale Land LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Ohio</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-12062</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                                                      04/19

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

1.  **DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
    ☒ No. Go to Part 2.
    ☐ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|

2.  **CASH ON HAND**

3.  **CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
    *(IDENTIFY ALL)*

4.  **OTHER CASH EQUIVALENTS**

5   **Total of Part 1.**
    ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE
    TOTAL TO LINE 80.                                                                         | NOT APPLICABLE |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

6.  **DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
    ☒ No. Go to Part 3.
    ☐ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

7.  **DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**

    DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

8.  **PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES,
    INSURANCE, TAXES, AND RENT**

    DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

9   **Total of Part 2.**
    ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.                                         | NOT APPLICABLE |

| Debtor | Springdale Lands LLC | Case number (if known) | 20-12062 |
|---|---|---|---|
| | (Name) | | |

---

| **Part 3:** | **ACCOUNTS RECEIVABLE** |
|---|---|

**10.    DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11.    ACCOUNTS RECEIVABLE**

| **12** | **Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | NOT APPLICABLE |
|---|---|---|

| **Part 4:** | **INVESTMENTS** |
|---|---|

**13.    DOES THE DEBTOR OWN ANY INVESTMENTS?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.    MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15.    NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16.    GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

| **17** | **Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | NOT APPLICABLE |
|---|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |
|---|---|

**18.    DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**19.    RAW MATERIALS**

**20.    WORK IN PROGRESS**

**21.    FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE**

**22.    OTHER INVENTORY OR SUPPLIES**

| **23** | **Total of Part 5.** ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. | NOT APPLICABLE |
|---|---|---|

**24.    Is any of the property listed in Part 5 perishable?**

☒ No

☐ Yes

**25.    Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☒ No

☐ Yes     Book value _____     Valuation method _____     Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 6: | FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND) |

27. **DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **CROPS—EITHER PLANTED OR HARVESTED** | | | |
| 29. **FARM ANIMALS** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH | | | |
| 30. **FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)**  (OTHER THAN TITLED MOTOR VEHICLES) | | | |
| 31. **FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| 32. **OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

33 **Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

|  |
|---|
| NOT APPLICABLE |

34. **Is the debtor a member of an agricultural cooperative?**
☑ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☑ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 7: | OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES |

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **OFFICE FURNITURE** | | | |
| 40. **OFFICE FIXTURES** | | | |
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. **COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES | | | |

43 **Total of Part 7.**
ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.

|  |
|---|
| NOT APPLICABLE |

Debtor    Springgate Land, LLC
(Name)    Case number (if known)    20-12062

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 8: | MACHINERY, EQUIPMENT, AND VEHICLES |

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES**

48. **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** *EXAMPLES:* BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS

49. **AIRCRAFT AND ACCESSORIES**

50. **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

51 **Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.    | NOT APPLICABLE |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
☒ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

56 **Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.    | NOT APPLICABLE |

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | INTANGIBLES AND INTELLECTUAL PROPERTY |
|---|---|

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60.** PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS | | | |
| **61.** INTERNET DOMAIN NAMES AND WEBSITES | | | |
| **62.** LICENSES, FRANCHISES, AND ROYALTIES | | | |
| **63.** CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS | | | |
| **64.** OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY | | | |
| **65.** GOODWILL | | | |

**66 Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

         NOT APPLICABLE

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☒ No

☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?

☒ No

☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?

☒ No

☐ Yes

| Part 11: | ALL OTHER ASSETS |
|---|---|

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☒ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71.** NOTES RECEIVABLE | |
| DESCRIPTION (INCLUDE NAME OF OBLIGOR) | |
| **72.** TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS) | |
| DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL) | |
| **73.** INTERESTS IN INSURANCE POLICIES OR ANNUITIES | |
| **74.** CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED) | |
| **75.** OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS | |
| **76.** TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY | |
| **77.** OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP | |

Debtor    Springate Land, LLC
          (Name)

Case number (if known)    20-12062

| 78 | **Total of Part 11.**<br>ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | NOT APPLICABLE |
|----|-----|-----|

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 12: | Summary |
|----|----|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|----|----|----|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | | |
| **81.** **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| **82.** **Accounts receivable.** *Copy line 12, Part 3.* | | |
| **83.** **Investments.** *Copy line 17, Part 4.* | | |
| **84.** **Inventory.** *Copy line 23, Part 5.* | | |
| **85.** **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| **86.** **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| **87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| **88.** **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | N/A |
| **89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| **90.** **All other assets.** *Copy line 78, Part 11.* | + | |
| **91.** **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a. | $0.00 | + 91b.    N/A |

| **92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $0.00 |
|----|----|

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number<br>(if known) | 20-12062 |

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

04/19

**Be as complete and accurate as possible.**

1.   1.   **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

| Part 1: | List All Creditors with Secured Claims |
|---|---|

2.   **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>**Amount of claim**<br>*Do not deduct the value of collateral.* | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Creditor's name**<br>CORTLAND CAPITAL MARKET SERVICES LLC<br><br>**Creditor's mailing address**<br>, AS COLLATERAL<br>AGENT<br>225 W. WASHINGTON STREET, 9TH FL<br>CHICAGO, IL  60606<br><br>**Creditor's email address**<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes | **Describe debtor's property that is subject to a lien**<br>NOTE PAYABLE<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes<br><br>**As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $44,607,653.27 | UNKNOWN |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $44,607,653.27 | |
|---|---|---|---|

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number (if known) | 20-12062 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address**<br>BELMONT COUNTY TREASURER<br>BELMONT COUNTY COURTHOUSE<br>101 W MAIN ST.<br>ST. CLAIRSVILLE, OH  43950-1260<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| **2.2** | **Priority creditor's name and mailing address**<br>CARBON COUNTY TREASURER<br>120 EAST MAIN ST.<br>PRICE, UT  84501<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| **2.3** | **Priority creditor's name and mailing address**<br>CARROLL COUNTY TREASURER<br>ATTN: JEFF YEAGER<br>PO BOX 327<br>CARROLLTON, OH  44615-0327<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page | | |
|---------|-----------------|---|---|
| | | **Total claim** | **Priority amount** |

| 2.4 | **Priority creditor's name and mailing address**<br><br>COLORADO DEPT OF LABOR AND<br>EMPLOYMENT<br>UNEMPLOYMENT INSURANCE<br>633 17TH ST<br>STE 201<br>DENVER, CO 80202-3660<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY<br>unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.5 | **Priority creditor's name and mailing address**<br><br>COLORADO DEPT OF REVENUE<br>PO BOX 17087<br>DENVER, CO 80217-0087<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY<br>unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.6 | **Priority creditor's name and mailing address**<br><br>COLORADO STATE TREASURER<br>CO. DEPT OF LABOR & EMPLOYMENT<br>PO BOX 46541<br>633 17TH ST SUITE 201<br>DENVER, CO 80201-6541<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY<br>unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.7 | **Priority creditor's name and mailing address**<br><br>COLORADO STATE TREASURY<br>UNCLAIMED PROPERTY DIVISION<br>1580 LOGAN ST SUITE 500<br>DENVER, CO 80203<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY<br>unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.8 | **Priority creditor's name and mailing address**<br><br>DAVIESS COUNTY PVA<br>212 ST ANN ST. 102<br>OWENSBORO, KY 42303<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY<br>unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor   Springside Lands, LLC
(Name)

Case number (if known)   20-12062

| Part 1: | Additional Page | | | |
|---|---|---|---|---|
| | | | Total claim | Priority amount |

**2.9** **Priority creditor's name and mailing address**

DAVIESS COUNTY SHERIFF
212 ST ANN ST.
OWENSBORO, KY  42303

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.10** **Priority creditor's name and mailing address**

DEPARTMENT OF BUSINESS SERVICES
JESSE WHITE, SECRETARY OF STATE
501 S. SECOND ST.
RM. 350
SPRINGFIELD, IL  62756

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.11** **Priority creditor's name and mailing address**

ELAINE PHILLIPS. TAX COLLECTOR
203 MUNICIPAL DR.
BELLE VERNON, PA  15012

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.12** **Priority creditor's name and mailing address**

EMERY COUNTY COMMUNITY THEATER
PO BOX 346
ORANGEVILLE, UT  84537

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

---

**2.13** **Priority creditor's name and mailing address**

EMERY COUNTY RECREATION
SPECIAL SERVICE DISTRICT
PO BOX 53275
SOUTH 400 EAST ST.
CASTLE DALE, UT  84513

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: UNKNOWN   Priority amount: UNKNOWN

Debtor    Springvale Land, LLC
(Name)

Case number (if known)    20-12062

| Part 1: | Additional Page | | | |
|---|---|---|---|---|
| | | | Total claim | Priority amount |

| 2.14 | **Priority creditor's name and mailing address**<br><br>EMERY COUNTY TREASURER<br>75 EAST MAIN ST. ROOM 102<br>PO BOX 595<br>CASTLE DALE, UT 84513-0595<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.15 | **Priority creditor's name and mailing address**<br><br>FAYETTE COUNTY CLERK<br>162 EAST MAIN ST.<br>RM 132<br>LEXINGTON, KY 40507<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.16 | **Priority creditor's name and mailing address**<br><br>GALLIA COUNTY TREASURER<br>ATTN: STEVE MCGHEE<br>18 LOCUST ST. RM 1291<br>GALLIPOLIS, OH 45631-1291<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.17 | **Priority creditor's name and mailing address**<br><br>GARFIELD COUNTY TREASURER<br>PO BOX 1069<br>109 8TH ST<br>SUITE 204<br>GLENWOOD SPRING, CO 81602-1069<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.18 | **Priority creditor's name and mailing address**<br><br>HARRISON COUNTY TREASURER<br>ATTN: VICKI SEFSICK<br>COURTHOUSE<br>100 WEST MARKET ST.<br>CADIZ, OH 43907<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor  Springate Land, LC

(Name)

Case number (if known)  20-12062

| Part 1: | Additional Page | | |
|---|---|---|---|
| | | Total claim | Priority amount |

| 2.19 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | ILLINOIS DEPT OF EMPLOYMENT SECURITY<br>4519 W MAIN ST<br>BELLEVILLE, IL  62226 | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| 2.20 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | ILLINOIS DEPT OF REVENUE<br>15 EXECUTIVE DR SUITE 2<br>FAIRVIEW HEIGHTS, IL  62208-1331 | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| 2.21 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | IRS<br>PO BOX 219236<br>333 W PERSHING RD<br>KANSAS CITY, MO  64121-9236 | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| 2.22 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | JEFFERSON COUNTY TREASURER<br>PO BOX 398<br>301  MARKET ST<br>STEUBENVILLE, OH  43952 | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| 2.23 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | UNKNOWN | UNKNOWN |
|---|---|---|---|---|
| | JOYCE A EWING TAX COLLECTOR<br>201 STONEY HILL RD<br>NEW KENSINGTON, PA  15068 | *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

| Part 1: | Additional Page | | | |
|---|---|---|---|---|
| | | | **Total claim** | **Priority amount** |

| 2.24 | **Priority creditor's name and mailing address**<br><br>KENTUCKY DEPARTMENT OF REVENUE<br>501 HIGH STREET<br>FRANKFORT, KY  40601-2103<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.25 | **Priority creditor's name and mailing address**<br><br>KENTUCKY PERSONNEL CABINET<br>UNEMPLOYMENT INSURANCE<br>STATE OFFICE BLDG<br>501 HIGH ST<br>FRANKFORT, KY  40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.26 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>1050 US-127 100<br>FRANKFORT, KY  40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☑ Yes | UNKNOWN | UNKNOWN |

| 2.27 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>DIVISION OF MINE RECLAMATION & ENF<br>300 SOWER BLVD.<br>FRANKFORT, KY  40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.28 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>KY TRANSPORTATION CABINET IRP<br>PO BOX 2323<br>FRANKFORT, KY  40602-2323<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor    Springdale Land, LC
_____
(Name)

Case number (if known)    20-12062

| Part 1: | Additional Page | | | |
|---|---|---|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|

| 2.29 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>PO BOX 491<br>DIVISION OF COLLECTIONS<br>FRANKFORT, KY 40602-491<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
|---|---|---|---|

| 2.30 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>RADIATION HEALTH BRANCH<br>275 E MAIN ST. MAILSTOP HS1C-A<br>FRANKFORT, KY 40621<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.31 | **Priority creditor's name and mailing address**<br><br>KENTUCKY STATE TREASURER<br>UNCLAIMED PROPERTY DIVISION<br>1050 US HIGHWAY 127 SOUTH, SUITE 100<br>FRANKFORT, KY 40601<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.32 | **Priority creditor's name and mailing address**<br><br>MCLEAN COUNTY SHERIFF<br>PO BOX 292<br>135 EAST 2ND ST.<br>CALHOUN, KY 42327<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| 2.33 | **Priority creditor's name and mailing address**<br><br>MESA COUNTY TREASURER<br>DEPT 5027<br>PO BOX 20000<br>GRAND JUNCTION, CO 81502-5001<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor  Springdale Land, LC
        (Name)

Case number (if known)   20-12062

| Part 1: | Additional Page | | | | |
|---------|-----------------|---|---|---|---|
| | | | | Total claim | Priority amount |

| 2.34 | **Priority creditor's name and mailing address**<br><br>NEW KENSINGTON-TREASURER<br>301 11TH ST.<br>NEW KENSINGTON, PA  15068<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
|---|---|---|---|
| 2.35 | **Priority creditor's name and mailing address**<br><br>OFFICE OF SURFACE MINING<br>PO BOX 360095M<br>3 PKWY. CENTER<br>PITTSBURGH, PA  15251-6095<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.36 | **Priority creditor's name and mailing address**<br><br>OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT<br>3 PKWY. CENTER<br>PITTSBURGH, PA  15220<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.37 | **Priority creditor's name and mailing address**<br><br>OFFICE OF THE ILLINOIS SECRETARY OF STATE<br>501 S. SECOND ST.<br>RM. 350<br>SPRINGFIELD, IL  62756<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.38 | **Priority creditor's name and mailing address**<br><br>OFFICE OF THE ILLINOIS STATE TREASURER<br>UNCLAIMED PROPERTY DIVISION<br>1 W OLD STATE CAPITOL PLAZA<br>STE 400<br>SPRINGFIELD, IL  62701<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

Debtor   Springdale Land LLC
_____
        (Name)

Case number (if known)   20-12062

| Part 1: | Additional Page | | |
|---|---|---|---|
| | | **Total claim** | **Priority amount** |

| | | | | |
|---|---|---|---|---|
| 2.39 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
| | OHIO DEPARTMENT OF COMMERCE DIVISION OF UNCLAIMED FUNDS 77 SOUTH HIGH ST, 20TH FL COLUMBUS, OH  43215-6108 | *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:** POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| 2.40 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
| | OHIO DEPT OF JOB AND FAMILY SERVICES OFFICE OF UNEMPLOYMENT COMPENSATION 30 E BROAD ST, 32ND FL COLUMBUS, OH  43215 | *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:** POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| 2.41 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
| | OHIO DEPT OF JOB AND FAMILY SERVICES OFFICE OF UNEMPLOYMENT INSURANCE PO BOX 182212 COLUMBUS, OH  43218-2212 | *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:** POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| 2.42 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
| | OHIO DEPT OF TAXATION 4485 NORTHLAND RIDGE BLVD COLUMBUS, OH  43229 | *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:** POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |
| 2.43 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
| | PENNSYLVANIA DEPT OF LABOR AND INDUSTRY PENNSYLVANIAS UNEMPLOYMENT COMP. 1171 S CAMERON ST ROOM 324 HARRISBURG, PA  17104-2501 | *Check all that apply.* ☑ Contingent ☑ Unliquidated ☑ Disputed | | |
| | **Date or dates debt was incurred** | | | |
| | **Last 4 digits of account number:** | **Basis for the claim:** POTENTIAL TAX LIABILITY | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?** ☑ No ☐ Yes | | |

| Part 1: | Additional Page | | | Total claim | Priority amount |
|---------|-----------------|--|--|-------------|-----------------|

| 2.44 | **Priority creditor's name and mailing address**<br><br>PENNSYLVANIA DEPT OF STATE<br>110 N 8TH ST<br>STE 204A<br>PHILADELPHIA, PA  19107-2412<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.45 | **Priority creditor's name and mailing address**<br><br>PENNSYLVANIA STATE TREASURY<br>UNCLAIMED PROPERTY DIVISION<br>4TH FL, RIVERFRONT OFFICE CTR<br>1101 SOUTH FRONT ST<br>HARRISBURG, PA  17104-2516<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.46 | **Priority creditor's name and mailing address**<br><br>PIKE COUNTY COURT CLERK<br>ATTN: RHONDA TAYLOR<br>PO BOX 631<br>146 MAIN ST.<br>PIKEVILLE, KY  41502<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.47 | **Priority creditor's name and mailing address**<br><br>PIKE COUNTY OCCUPATIONAL TAX<br>PO BOX 1319<br>146 MAIN ST<br>PIKEVILLE, KY  41502<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.48 | **Priority creditor's name and mailing address**<br><br>PUBLIC SERVICE COMMISSION WV<br>ATTN: EXECUTIVE DIRECTOR<br>201 BROOKS ST.<br>CHARLESTON, WV  25323<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page | | |
|---|---|---|---|
| | | **Total claim** | **Priority amount** |

| | | | | |
|---|---|---|---|---|
| 2.49 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF EMERY COUNTY<br>1850 NORTH 550 WEST<br>.S2H 384<br>PO BH 384<br>CASTLE DALE, UT  84513<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.50 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF FAYETTE COUNTY<br>PO BOX 34148<br>PO BH 540<br>.S2H 540<br>LEXINGTON, KY  40588-4148<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.51 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF FLOYD COUNTY<br>PO BOX 152<br>.S2H 341<br>PO BH 341<br>PRESTONSBURG, KY  41653<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.52 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF MINGO COUNTY<br>TAX DEPARTMENT<br>PO BOX 1270<br>WILLIAMSON, WV  25661<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.53 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF PIKE COUNTY<br>PO BOX 839<br>146 MAIN ST<br>PIKEVILLE, KY  41502<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Debtor | Springdale Lands LC | Case number (if known) | 20-12062 |
| | (Name) | | |

| **Part 1:** | **Additional Page** | | |

| | | **Total claim** | **Priority amount** |
|---|---|---|---|

| 2.54 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF RALEIGH COUNTY<br>215 MAIN ST.<br>COURTHOUSE<br>BECKLEY, WV 25801-4612<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.55 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF RANDOLPH COUNTY<br>4 RANDOLPH AVE.<br>SUITE 100<br>ELKINS, WV 26241<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.56 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF UPSHUR COUNTY<br>38 W MAIN ST. ROOM 101<br>BUCHHANNON, WV 26201<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.57 | **Priority creditor's name and mailing address**<br><br>SHERIFF OF WYOMING COUNTY<br>PO BOX 529<br>24 MAIN AVE<br>PINEVILLE, WV 24874<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.58 | **Priority creditor's name and mailing address**<br><br>TREASURER OF BUCHANAN COUNTY<br>COMMISSIONER OF THE REVENUE<br>PO BOX 1042<br>ROOM 110<br>GRUNDY, VA 24614<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page |
|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|

| 2.59 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

TREASURER OF VIRGINIA
ATTN: MANJU GANERIWALA
101 NORTH 14TH ST.
RICHMOND, VA 23219

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.60 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

TREASURER STATE OF OHIO
OHIO DEPARTMENT OF HEALTH
PO BOX 15278
COLUMBUS, OH 43215-0278

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.61 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

TREASURER STATE OF OHIO
OHIO DEPT OF TAXATION
PO BOX 2678
COLUMBUS, OH 43216-2678

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.62 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

TREASURER STATE OF OHIO
OHIO EPA
PO BOX 1049
COLUMBUS, OH 43216-1049

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.63 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

TREASURER, STATE OF OHIO
DIVISION OF WEIGHTS & MEASURES
8995 EAST MAIN ST.
REYNOLDSBURG, OH 43068

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

| | | Total claim | Priority amount |
|---|---|---|---|
| **Part 1:** | **Additional Page** | | |

| | | | | |
|---|---|---|---|---|
| 2.64 | **Priority creditor's name and mailing address**<br><br>TUSCARAWAS COUNTY TREASURER<br>ATTN: JEFFREY S. MAMARELLA<br>PO BOX 250<br>NEW PHILADELPHIA, OH  44663<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.65 | **Priority creditor's name and mailing address**<br><br>UNITED STATES TREASURY<br>INTERNAL REVENUE<br>500 MAIN ST<br>CINCINNATI, OH  45999-0039<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.66 | **Priority creditor's name and mailing address**<br><br>UTAH DEPT OF WORKFORCE SERVICES<br>UNEMPLOYMENT INSURANCE<br>PO BOX 45288<br>140 E 300 S<br>SALT LAKE CITY, UT  84145-0288<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.67 | **Priority creditor's name and mailing address**<br><br>UTAH STATE TAX COMMISSION<br>210 N 1950 W<br>SALT LAKE CITY, UT  84134-7100<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |
| 2.68 | **Priority creditor's name and mailing address**<br><br>UTAH STATE TREASURY<br>UNCLAIMED PROPERTY DIVISION<br>168 N 1950 W., SUITE 102<br>SALT LAKE CITY, UT  84116<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)** | **As of the petition filing date, the claim is:**<br>*Check that apply.*<br><br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | UNKNOWN | UNKNOWN |

| Part 1: | Additional Page |
|---------|-----------------|

| | | Total claim | Priority amount |
|---|---|---|---|

**2.69** | **Priority creditor's name and mailing address**

UTE WATER CONSERVANCY DISTRICT
PO BOX 460
2190 H 1/4 RD
GRAND JUNCTION, CO  81502

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN | UNKNOWN

---

**2.70** | **Priority creditor's name and mailing address**

VIRGINIA DEPARTMENT OF THE TREASURY
UNCLAIMED PROPERTY DIVISION
JAMES MONROE BLDG, 3RD FL
101 NORTH 14TH ST
RICHMOND, VA  23219

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN | UNKNOWN

---

**2.71** | **Priority creditor's name and mailing address**

VIRGINIA EMPLOYMENT COMMISSION
PO BOX 1358
RICHMOND, VA  23218-1358

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN | UNKNOWN

---

**2.72** | **Priority creditor's name and mailing address**

WASHINGTON CO TREASURER
ATTN: TOM FLICKINGER, TREASURER
100 WEST BEAU ST SUITE 102
WASHINGTON, PA  15301

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN | UNKNOWN

---

**2.73** | **Priority creditor's name and mailing address**

WAYNE E. RAY TAX COLLECTOR
9 MEMORIAL DR
CHARLEROI, PA  15022

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY
unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

UNKNOWN | UNKNOWN

| Part 1: | Additional Page | | | | |
|---|---|---|---|---|---|
| | | | | **Total claim** | **Priority amount** |

| 2.74 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

WEST VIRGINIA DIV. OF LABOR
749 B BLDG 6
CAPITOL COMPLEX
CHARLESTON, WV 25305

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.75 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

WEST VIRGINIA STATE TAX DEPT
1001 LEE ST
CHARLESTON, WV 25301

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.76 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

WEST VIRGINIA STATE TREASURERS OFFICE
UNCLAIMED PROPERTY DIVISION
STATE CAPITOL, ROOM E-145
1900 KANAWHA BLVD, E
CHARLESTON, WV 25305

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.77 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | UNKNOWN | UNKNOWN |
|---|---|---|---|---|

WV STATE TAX DEPARTMENT
INTERNAL AUDITING DIVISION
PO BOX 1667
CHARLESTON, WV 25326-1667

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

**3.**    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

| **Part 2:** | Additional Page |
|---|---|

|  |  | Amount of claim |
|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**

BRIAN ESHBAUGH TREASURER
115 SCHREIBER ST.
LOWER BURRELL, PA 15068-3229

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$3,345.74

**3.2** **Nonpriority creditor's name and mailing address**

ELAINE PHILLIPS. TAX COLLECTOR
203 MUNICIPAL DR.
BELLE VERNON, PA 15012

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$27.74

**3.3** **Nonpriority creditor's name and mailing address**

JOYCE A EWING TAX COLLECTOR
201 STONEY HILL RD
NEW KENSINGTON, PA 15068

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$4,852.59

**3.4** **Nonpriority creditor's name and mailing address**

NEW KENSINGTON-TREASURER
301 11TH ST.
NEW KENSINGTON, PA 15068

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$138.49

**3.5** **Nonpriority creditor's name and mailing address**

R. CHRISTINE FULLER
TAX COLLECTOR
1001 SOUTH LEECHBURG HILL
LEECHBURG, PA 15656

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$3,615.25

| Part 2: | Additional Page | | |
|---|---|---|---|

| | | | Amount of claim |
|---|---|---|---|

**3.6** **Nonpriority creditor's name and mailing address**

SHERIFF OF RANDOLPH COUNTY WV
4 RANDOLPH AVE.
SUITE 100
ELKINS, WV  26241

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$5.00

---

**3.7** **Nonpriority creditor's name and mailing address**

SHERIFF OF UPSHUR COUNTY WV
38 W MAIN ST. ROOM 101
BUCHANNON, WV  26201

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$35.00

---

**3.8** **Nonpriority creditor's name and mailing address**

WASHINGTON COUNTY TREASURER PA
TOM FLICKINGER, TREASURER
100 WEST BEAU ST SUITE 102
WASHINGTON, PA  15301

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$5.00

---

**3.9** **Nonpriority creditor's name and mailing address**

WAYNE E. RAY TAX COLLECTOR
9 MEMORIAL DR
CHARLEROI, PA  15022

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**
REAL ESTATE TAX

**Is the claim subject to offset?**
☒ No
☐ Yes

$5.37

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**   Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | **UNDETERMINED** |
| **5b.** Total claims from Part 2 | **5b.** + | $12,030.18 |
| **5c.** **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | $12,030.18 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Springdale Land LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Ohio</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-12062</td></tr>
</table>

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                                04/19

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | OVERRIDING ROYALTY AGREEMENT Y&O TRACTS IN WESTMORELAND AND FAYETTE COUNTIES, PA | DUNCAN FORK COAL 315 70TH STREET, SE CHARLESTON, WV  25304 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | LETTER AGREEMENT LETTER AGREEMENT DATED JUNE 22, 2011 BETWEEN SPRINGDALE LAND LLC AND WEST VIRGINIA MID VOL, INC. WITH RESPECT TO OVERRIDE PAYMENTS RELATED TO PROPERTY IN RANDOLPH AND UPSHUR COUNTY, WV. | WEST VIRGINIA MID VOL, INC. 838 EUCLID AVENUE LEXINGTON, KY  40502 |
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number (if known) | 20-12062 |

☐ Check if this is an
 amended filing

## Official Form 206H

## Schedule H: Codebtors                                                          4/19

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

| 1. | **Does the debtor have any codebtors?** |
|---|---|
| | ☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☒ Yes. |

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1 | CAM AIRCRAFT LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.2 | CAM COAL TRADING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.3 | CAM MINING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.4 | CAM-BB LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.5 | CAM-COLORADO LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.6 | CAM-KENTUCKY REAL ESTATE LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.7 | CAM-OHIO REAL ESTATE LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.8 | CASTLE VALLEY MINING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.9 | HOPEDALE MINING LLC | 86391 MINE RD. HOPEDALE, OH  43976 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.10 | JEWEL VALLEY MINING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |
| 2.11 | LEESVILLE LAND LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY  40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D ☐ E/F ☐ G |

Debtor  Springdale Land, LLC _____   Case number (if known) _20-12062_____
        (Name)

| | Additional Page if Debtor Has More Codebtors |
|---|---|

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing Address | Name | Check all schedules that apply |
| 2.12 | MCCLANE CANYON MINING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.13 | PENNYRILE ENERGY LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.14 | RHINO COALFIELD SERVICES LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.15 | RHINO EASTERN LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.16 | RHINO ENERGY LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.17 | RHINO EXPLORATION LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.18 | RHINO GP LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.19 | RHINO NORTHERN HOLDINGS LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.20 | RHINO OILFIELD SERVICES LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.21 | RHINO RESOURCE PARTNERS LP | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.22 | RHINO SERVICES LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.23 | RHINO TECHNOLOGIES LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.24 | RHINO TRUCKING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.25 | ROCKHOUSE LAND LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.26 | TAYLORVILLE MINING LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |
| 2.27 | TRIAD ROOF SUPPORT SYSTEMS LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CORTLAND CAPITAL MARKET SERVICES LLC | ☑ D ☐ E/F ☐ G |

| Fill in this information to identify the case: |  |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number (if known) | 20-12062 |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

04/19

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   8/10/2020                     x _____
            MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                            Richard A. Boone
                                            Printed name

                                            President and CEO
                                            Position or relationship to debtor

Debtor    Springdale Land LLC                                    Case Number *(if known)*    20-12062
_____          _____
          Name

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|---------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|-------------------------------------------------------------|-------------------------------------------------|
| CORTLAND CAPITAL MARKET SERVICES LLC<br>C/O JACKSON KELLY PLLC<br>ATTN: CHARLES A. COMPTON<br>221 NW FIFTH STREET | Line 2.1 | |
| CORTLAND CAPITAL MARKET SERVICES LLC<br>C/O JACKSON KELLY PLLC<br>ATTN: MARY ELISABETH NAUMANN<br>100 WEST MAIN ST., SUITE 700 | Line 2.1 | |

Form 206D              Official Part 2 of    **Schedule D: Creditors Who Have Claims Secured by Property**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hopedale Mining LLC, *et al.*,[1] | ) | Case No.  20-12043 (GRH) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Honorable Guy R. Humphrey |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## <u>SPRINGDALE LAND LLC, CASE NO. 20-12062 (GRH)</u>

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Rhino GP LLC (8619), Rhino Resource Partners LP (7517), Rhino Energy LLC (6320), Rhino  Trucking LLC (8773), Rhino Exploration LLC (8863), Triad Roof Support Systems LLC (1183), Springdale Land  LLC (9816), McClane Canyon Mining LLC (3783), Rhino Northern Holdings LLC (1858), CAM-Ohio Real Estate  LLC (1859), CAM-Colorado LLC (4269), Taylorville Mining LLC (5106), CAM Coal Trading LLC (4143), Castle   Valley Mining LLC (9495), Jewell Valley Mining LLC (0270), Rhino Services LLC (3356), Rhino Oilfield Services  LLC (8938), Rhino Technologies LLC (0994), CAM Mining LLC (2498), Rhino Coalfield Services LLC (3924),   Hopedale Mining LLC (9060), CAM-Kentucky Real Estate LLC (9089), CAM-BB LLC (9097), Leesville Land  LLC (7794), CAM Aircraft LLC (5467), Pennyrile Energy LLC (6095), Rhino Eastern LLC (1457), Rockhouse  Land LLC (7702).

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Springdale Land LLC |
| United States Bankruptcy Court for the: | Southern District of Ohio |
| Case number (if known) | 20-12062 |

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☑ None

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2020 | To 7/22/2020 | OIL & GAS ROYALTIES | $9,477.58 |
| FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE: | From 1/1/2020 | To 7/22/2020 | OUTLEASES-OTHER | $29,029.32 |
| FOR PRIOR YEAR: | From 1/1/2019 | To 12/31/2019 | OIL & GAS ROYALTIES | $52,752.99 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2018 | To 12/31/2018 | OIL & GAS ROYALTIES | $104,924.00 |
| FOR THE YEAR BEFORE THAT: | From 1/1/2018 | To 12/31/2018 | OUTLEASES-COAL | $5,000.00 |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None

5. **Repossessions, foreclosures, and returns**

   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

Debtor   Springdale Lanes LLC _____   Case number (if known)_____28-12062_____
        (Name)

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

---

| Part 3: | Legal Actions or Assignments |

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☑ None

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

| Part 4: | Certain Gifts and Charitable Contributions |

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

| Part 5: | Certain Losses |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

---

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

| Part 7: | Previous Locations |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

---

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for :
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

**Part 9:**   **Personal Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes.  State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?

☑ No.  Go to Part 10.
☐ Yes.  Fill in below:

---

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

---

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

---

**Part 12:**   **Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:
■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

---

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes.  Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes.  Provide details below.

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

26. **Books, records, and financial statements**

26a.    List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

     ☐ None

| Name and address | Dates of service | |
|---|---|---|
| ELIZABETH BRANHAM, VP & CONTROLLER<br>424 LEWIS HARGETT CIRCLE, STE 250<br>LEXINGTON, KY  40503 | From  10/1/2006 | To  CURRENT |
| SCOTT MORRIS, CHIEF FINANCIAL OFFICER<br>424 LEWIS HARGETT CIRCLE, STE 250<br>LEXINGTON, KY  40503 | From  9/1/2016 | To  CURRENT |

26b.    List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

     ☐ None

| Name and address | Dates of service | |
|---|---|---|
| BROWN, EDWARDS & COMPANY, L.L.P.<br>513 STATE STREET<br>BRISTOL, VA  24201 | From  PRIOR TO 2018 | To  CURRENT |
| DEAN DORTON<br>250 W. MAIN STREET, SUITE 1400<br>LEXINGTON, KY  40507 | From  PRIOR TO 2018 | To  CURRENT |
| FAULKNER KING & WENZ PSC<br>117 W. HIGH STREET<br>MT. STERLING, KY  40353 | From  PRIOR TO 2018 | To  CURRENT |

26c.    List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

     ☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ELIZABETH BRANHAM, VP & CONTROLLER<br>424 LEWIS HARGETT CIRCLE, STE 250<br>LEXINGTON, KY  40503 | |
| SCOTT MORRIS, CHIEF FINANCIAL OFFICER<br>424 LEWIS HARGETT CIRCLE, STE 250<br>LEXINGTON, KY  40503 | |

26d.    List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

     ☒ None

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ None

Debtor    Springdale Land, LLC    Case number (if known) 20-12062
(Name)

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| RHINO ENERGY LLC | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | PARENT | 100 |
| RICHARD A. BOONE | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | PRESIDENT AND CEO | N/A |
| THOMAS FAIRFIELD | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CHIEF RESTRUCTURING OFFICER | N/A |
| SCOTT MORRIS | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | CHIEF FINANCIAL OFFICER AND SENIOR VICE PRESIDENT | N/A |
| ELIZABETH BRANHAM | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | VICE PRESIDENT, CONTROLLER, ASSISTANT SECRETARY | N/A |
| BRIAN AUG | 424 LEWIS HARGETT CIRCLE, SUITE 250 LEXINGTON, KY 40503 | VICE PRESIDENT OF SALES | N/A |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| CHAD HUNT | 424 LEWIS HARGETT CIRCLE, STE 250 LEXINGTON, KY 40503 | CHIEF ADMINISTRATIVE OFFICER | From 7/31/2006 To 6/8/2020 |
| WHITNEY KEGLEY | 424 LEWIS HARGETT CIRCLE, STE 250 LEXINGTON, KY 40503 | VICE PRESIDENT, SECRETARY, AND GENERAL COUNSEL | From 7/16/2012 To 7/9/2020 |

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ None

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☐ None

27-2377517

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ None

Debtor   Springdale Land LLC
         (Name)

Case number (if known)   20-12062

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/10/2020.

x _Richard A. Boone_                                    Richard A. Boone
Signature of individual signing on behalf of the debtor    Printed Name

President and CEO
Position or relationship to debtor

 Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☒ No
☐ Yes